

**COLE SCHOTZ**
COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
Attorneys at Law    A Professional Corporation

900 THIRD AVENUE, 16TH FLOOR
NEW YORK, NY 10022-4728
212.752.8000   212.752.8393 FAX

Laurence May
MEMBER

Reply to New York Office
WRITER'S DIRECT LINE: 646-563-8926
WRITER'S DIRECT FAX: 646-521-2026
WRITER'S E-MAIL: LMay@coleschotz.com

**MEMO ENDORSED**

COURT PLAZA NORTH
25 MAIN STREET
P.O. BOX 800
HACKENSACK, NJ 07602 - 0800
201.489.3000   201.489.1536 FAX

September 11, 2007



**VIA FEDERAL EXPRESS**

Hon. Stephen C. Robinson
United States District Court Judge
United States District Court
   for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

     Re:   Doubet, LLC v. Palermo: Bankruptcy Appeal; Case No. 07-07696

Dear Judge Robinson:

     We represent Douglas Palermo, the Appellant in the above referenced appeal from an order of the United States Bankruptcy Court for the Southern District of New York. This letter is written on behalf of both Appellant and Appellee Doubet, LLC requesting that the Court adjourn sine die, the briefing schedule provided for in Rule 8009 of the Federal Rules of Bankruptcy Procedure. As explained below, an issue relating to the appeal is pending before the Bankruptcy Court and most likely Appellant or Appellee will appeal the Bankruptcy Court decision as to this related matter. Both parties request that the briefing on the pending appeal be adjourned until after the Bankruptcy Court decides this related issue so the appeals can be heard on a consolidated basis.

     On July 16, 2007 Judge Hardin issued an order denying Douglas Palermo a discharge and it is this final order which is subject to the current appeal. Subsequent to the entry of that order, the Appellee separately moved for attorneys' fees and that motion is now being considered by the Bankruptcy Court. Each party has taken the position that should this issue be decided adversely to it, it will most likely appeal.

     Under Bankruptcy Rule 8009, the docketing of the record on appeal with the District Court automatically triggers an automatic briefing schedule which, however, can be excused by court order. Given the nexus between the pending appeal and the prospective appeal, both parties submit that judicial and litigant resources will be conserved by having the matters heard jointly.

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
ATTORNEYS AT LAW

Hon. Stephen C. Robinson
September 11, 2007
Page 2

      Once the Bankruptcy Court has ruled on the attorneys' fees motion, and an appeal is docketed, counsel proposes that they will jointly contact Chambers with a suggested briefing schedule.

      If Chambers has any questions please feel free to contact me or Bruce D. Buechler, Esq., of Lowenstein Sandler P.C., counsel for Appellee Doubet, LLC.

Respectfully yours,

Laurence May

LM:dld
cc:   Bruce D. Buechler, Esq. (Via Facsimile and E-mail)
      Mr. Douglas Palermo (Via Facsimile and E-mail)

**APPLICATION GRANTED**

HON. STEPHEN C. ROBINSION
9/13/07

43741/0001-3107249v1